UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICK ESTRADA GREENE-BEY,

    Plaintiff,

v.                                                   Case No: 8:18-cv-1840-T-36AEP

STATE OF FLORIDA CIRCUIT COURT
OF THE THIRTEENTH JUDICIAL
CIRCUIT, GASTON JOHN FERNANDEZ
and ALBERT JAMES ARENA,

    Defendants.
_____

## **ORDER**

This cause comes before the Court *sua sponte*. On July 26, 2018, Erick Estrada Greene-Bey ("Greene-Bey") filed a Legal Notice of Removal ("Notice") (Doc. 1) that purports to remove a case from state court pertaining to his child support obligations. Because the Notice does not establish a basis for subject matter jurisdiction, the Court issued an Order directing Greene-Bey to show cause why the case should not be remanded to state court for lack of jurisdiction. Doc. 3. The Court, having considered Greene-Bey's response (Doc. 4) to its Order, and being fully advised in the premises, will remand this case to state court.

**I.    BACKGROUND**

The state court entered a Final Judgment of Paternity and Support on October 28, 2010, which required Greene-Bey to provide support for three dependent children, as well as an Income Deduction Order, requiring Greene-Bey's employer(s) to deduct his child support obligations from his income. Doc. 1-1 at 35, 39-42. Greene-Bey filed a petition seeking to modify his child support payment, and on August 14, 2014, the hearing officer found that he did not show by a preponderance of the evidence that there had been a substantial change of material circumstances

because the requested modification did not meet the statutory requirements. *Id.* at 26-27. The parties to the child support proceeding included the Department of Revenue (the "Department"), on behalf of Annice Lynette Simmons, as the petitioner, and Greene-Bey as the respondent. *Id.* at 26. Assistant Attorney General Albert J. Arena appeared for the Department, the Child Support Hearing Officer was Michael Coffee and the Judge presiding over the case was Judge Gaston J. Fernandez. *Id.* at 28, 31.

On July 26, 2018, Greene-Bey filed the Notice, which is mostly incomprehensible, seeking to remove the child support action, but also naming as "defendants" the Circuit Court in and for the Thirteenth Judicial Circuit, Arena, Judge Fernandez, Hearing Officer Coffee, and the State of Florida, while listing himself as the "Petitioner." Doc. 1 at 4. The Notice cites a "cause of action," under which Greene-Bey alleges that Judge Fernandez should be disqualified pursuant to 28 U.S.C. § 455 because his Oath of Attorney and Oath of Office create a conflict of interest, slavery has been imposed against him because he is being forced to comply with "contracts not held," and "they" conspired against him. *Id.* at 5. He also alleges that a "Felony Criminal Court Order" against him is void. *Id.*

With respect to jurisdiction, Greene-Bey cites to Article III, section 2 of the United States Constitution, as well as Article VI, "obligatory Official Oaths," and The Treaty of Peace and Friendship of Seventeen Hundred and Eighty-Seven (1787) A.D. superseded by The Treaty of Peace and Friendship of Eighteen Hundred and Thirty-Six (1836) A.D. between Morocco and the United States. *Id.* at 3. Greene-Bey identifies himself as appearing "In Propria Persona, Sui Juris (not to be confused with Pro se), Aboriginal Indigenous Moorish-American, possessing Free-hold by Inheritance status; standing squarely affirmed and bound to the Zodiac Constitution, with all

due respect and honors given to the Constitution of the United States Republic, North America." *Id.* He additionally indicates that he is "a descendant of Moroccans and born in America." *Id.*

Finding that the Notice does not establish subject matter jurisdiction, this Court issued an Order explaining why the notice of removal was not sufficient, and requiring Greene-Bey to show cause why the case should not be remanded for lack of subject matter jurisdiction. In response, Greene-Bey filed a jumble of papers that included a copy of this Court's Order, with a handwritten note on the first page stating "ACCEPTED FOR HONOR by: Settlor, Grantor, Grantee with Reliance upon Act of Congress: Act of October 6, 1917 CH 106: 40 stat. 411 all Rights unalienable, without Recourse EIN 81-6922977." Doc. 4 at 1-7. Also included in the filing were various motions or petitions, and other papers that do not relate to establishing subject matter jurisdiction. Doc. 4.

## II. LEGAL STANDARD

Federal courts "are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1000 (11th Cir. 1982).

Removal of cases to federal court is governed by 28 U.S.C. § 1441, which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. at § 1441(a). Federal district

courts are courts of limited jurisdiction. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Parties seeking to invoke subject matter jurisdiction must show that the underlying claim is based upon either diversity jurisdiction (cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331–1332. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Univ. of S. Ala.*, 168 F.3d at 411; *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

## III. DISCUSSION

Greene-Bey alleged in his Notice that jurisdiction exists under Article III, section two of the United States Constitution, which provides that "[t]he judicial Power shall extend . . . to all Cases affecting Ambassadors, other public Ministers and Consuls." Greene-Bey did not explain how he qualifies as an ambassador, or other public minister or consul. *Cf. Yah ex rel. Smith v. Ky. 14th Amend. Citizenship Benefit*, No. 3:17CV-P20-JHM, 2017 WL 2609048, at *2 (W.D. Ky. June 15, 2017) (stating that the petitioner failed to demonstrate that this constitutional provision applied "to his self-proclaimed status as an 'ambassador-at-large' " so as "to invoke the subject-matter jurisdiction of this Court."). Despite the Court's indication in its Order that jurisdiction was not sufficiently established by this provision in the Notice, Greene-Bey has provided no clarification in his response. Docs. 3-4. Thus, Greene-Bey has not established jurisdiction under Article III, section two of the United States Constitution.

Greene-Bey also cited in his Notice to Article VI, clauses 2 and 3 of the United States Constitution. Clause 2 provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the

Authority of the United States, shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. Clause 3 provides, in part, that "all executive and judicial Officers . . . shall be bound by Oath or Affirmation, to support this Constitution." *Id.* art. VI, cl. 3. However, Greene-Bey provided no explanation as to how these clauses pertain to this Court's subject-matter jurisdiction in this case, as the Court indicated in its Order. Doc. 3 at 3. Nor did he provide any clarification in his response. Doc. 4. Accordingly, Greene-Bey has not established subject matter jurisdiction on this basis.

Nor has Greene-Bey established any other basis for jurisdiction. In his response to this Court's Order, Greene-Bey cites to the Act of October 6, 1917, which is the Trading with the Enemy Act (the "Act"). 50 U.S.C. § 1. Doc. 4 at 1. The Act generally relates to the lawfulness of trading with a person who is an enemy or ally of an enemy, except with the license of the President. *Id.* § 4303(a). Enemy is defined by the Act, and includes "[a]ny individual . . . resident within the territory . . . of any nation with which the United States is at war," "[t]he government of any nation with which the United States is at war," and "[s]uch other individuals . . . as may be natives, citizens, or subjects of any nation with which the United States is at war . . . ." *Id.* § 4302. Under the Act, "[t]he district courts of the United States are given jurisdiction to make and enter all such rules as to notice and otherwise, and all such orders and decrees, and to issue such process as may be necessary and proper in the premises to enforce the provisions of this chapter . . . ." *Id.* § 4316.

Greene-Bey provides no explanation as to how this action, which relates to his child support obligations in the State of Florida, pertains to the Trading with the Enemy Act. Nor can the Court fathom any reason that the Trading with the Enemy Act would provide jurisdiction in this case. Accordingly, Greene-Bey has not established, and this Court cannot discern, any basis

for federal subject matter jurisdiction over this action. Because the Court is without subject matter jurisdiction, this case will be remanded to state court.

Accordingly, it is **ORDERED**:

1. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

2. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. The Clerk is directed to terminate all pending deadlines and motions and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on August 16, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: All Counsel of Record
All *Pro Se* Parties